IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CR-88-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| JAMIE CHRISTOPHER HENDERSON | ) | |

This matter is before the Court on defendant's motions for disclosure of Rule 404(b) evidence, for early disclosure of *Brady/Giglio* material, and to sequester witnesses. For the following reasons, defendant's motion for 404(b) disclosure is granted, his motion for early *Brady/Giglio* disclosure is granted in part and denied in part, and his motion to sequester witnesses is denied without prejudice.

BACKGROUND

On May 13, 2020, a grand jury indicted defendant Jamie Christopher Henderson with one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; one count of possession with the intent to distribute a quantity of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. 841(a)(1); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924. On November 13, 2020, a superseding indictment was issued, charging defendant with the same four counts and an additional count of possession of a firearm in furtherance of a drug-trafficking charge. Ahead of his arraignment, defendant filed a variety of pretrial motions. The government has responded, and the motions are ripe for disposition.

## DISCUSSION

*Motion for Disclosure of All Rule 404(b) Evidence*

Defendant seeks an order requiring the government to give notice of its intent to introduce evidence that falls under Rule 404(b) of the Federal Rules of Evidence. Defendant requests that the government "disclose the substance of any evidence it intends to introduce against [him] pursuant to Rule 404(b) of the Federal Rules of Evidence." DE 29. Defendant is entitled to the general nature of the evidence it intends to introduce at trial with reasonable notice. Fed. R. Evid. 404(b). Therefore, defendant's motion is granted. The government is ordered to notify defendant of the general nature of any Rule 404(b) evidence it intends to offer at trial within ten days of the date trial is scheduled to begin.

*Motion for* Brady *and* Giglio *Information*

Defendant seeks information that he claims he is entitled to under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), and their progeny. Under *Brady*, the government has an affirmative obligation to produce evidence that is "both favorable to an accused and 'material to either guilt or punishment.'" *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady*, 373 U.S. at 87. The government must also disclose evidence that could potentially be used to impeach or discredit a government witness. *Giglio*, 405 U.S. at 154. This evidence must be produced "in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985); *see United States v. Jeffers*, 570 F.3d 557, 573 (4th Cir. 2009). Therefore, defendant's motion seeking early disclosure of *Brady* and *Giglio* materials is granted in part. The government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis. However, this Court determines that the evidence does not need to be produced sixty days before trial is scheduled to begin for it to be "in time for its effective use at

trial." The government shall disclose all materials required to be disclosed under those doctrines no later than seven days before trial is scheduled to begin.

*Motion for Sequestration of Witnesses*

In anticipation of trial, defendant seeks an order requiring the sequestration of the government's witnesses and prohibiting the government from discussing the trial testimony of witnesses with other individuals who may testify at trial. An order to sequester witnesses is typically granted at the start of a trial. *See* Fed. R. Evid. 615. Defendant should renew his motion to sequester before trial. The motion is denied without prejudice.

## CONCLUSION

As discussed above, the Court orders as follows:

Defendant's motion for disclosure of Rule 404(b) evidence [DE 68] is GRANTED. The government is ordered to notify defendant of the general nature of any Rule 404(b) evidence it intends to offer at trial within ten days before the trial is scheduled to begin.

Defendant's motion for early disclosure of *Brady/Giglio* material [DE 71] is GRANTED in part and DENIED in part. The government shall produce *Brady* and *Giglio* materials on a prompt, ongoing basis and shall disclose all materials required to be disclosed under those doctrines no later than seven days before the date trial is scheduled to begin.

Defendant's motion to sequester witnesses [DE 70] is DENIED WITHOUT PREJUDICE, to be renewed before trial.

SO ORDERED, this __19__ day of August, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4